IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Roadget Business Pte. Ltd.,**<br><br>                Plaintiff,<br><br>  v.<br><br>**Whaleco, Inc.,**<br><br>                Defendant. | **CIVIL ACTION NO. 1:22-cv-07119**<br><br>**Hon. Franklin U. Valderrama** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WHALECO, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 2

III. THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR COPYRIGHT INFRINGEMENT (COUNT VI) ...................................................................................... 5

    A. Plaintiff Cannot Bring Copyright Infringement Claims For Works With Pending Applications for Registration .................................................................. 5

    B. The Complaint Contains Contradictory Allegations of Ownership And Thus Plaintiff Cannot Bring a Claim for Copyright Infringement ......................... 6

IV. THE COMPLAINT FAILS TO STATE CLAIMS FOR FALSE ADVERTISING, DISPARAGEMENT, OR TRADE LIBEL (COUNTS IV, V AND XII) ........................... 7

    A. Plaintiff Fails to Plead Any False or Misleading Statements With The Requisite Particularity Required by FRCP 9(b) ..................................................... 7

    B. Temu's Use of Influencer Guidelines To Promote Its Shopping Website Does Not, By Itself, Constitute False Advertising, Disparagement, or Trade Libel ............................................................................................................. 9

V. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Pages**

## CASES

*Advanced Steel Recovery, LLC v. X-Body Equip.*,
   No. 2:16-cv-148-KJM-JDP, 2022 U.S. Dist. LEXIS 23752
   (E.D. Cal. Feb. 8, 2022) ........................................................................................................8

*AnchorBank, FSB v. Hofer*,
   649 F.3d 610 (7th Cir. 2011) ................................................................................................8

*Bd. of Forensic Document Exam'rs, Inc. v. Am. Bar Ass'n*,
   922 F.3d 827 (7th Cir. 2019) ..............................................................................................10

*CardioNet, Inc. v. LifeWatch Corp.*,
   No. 07-cv-6625, 2008 U.S. Dist. LEXIS 15941 (N.D. Ill. Feb. 27, 2008) .......................8, 9

*Cincinnati Life Ins. Co. v. Beyrer*,
   722 F.3d 939 (7th Cir. 2013) ................................................................................................9

*Cont'l Datalabel, Inc. v. Avery Dennison Corp.*,
   No. 09-cv-5980, 2012 U.S. Dist. LEXIS 160802 (N.D. Ill. Nov. 9, 2012) ........................10

*Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*,
   790 F. Supp. 2d 732 (N.D. Ill. 2011) ................................................................................7, 8

*Fleming v. Chi. Sch. of Prof'l Psychology*,
   No. 15-cv-9036, 2017 U.S. Dist. LEXIS 159669 (N.D. Ill. Sept. 18, 2017) .......................7

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) ........................................................................................................5, 6

*Freiburger v. Timmerman*,
   No. 13-cv-8174, 2016 U.S. Dist. LEXIS 115166 (N.D. Ill. Aug. 26, 2016) ......................10

*Herman Miller, Inc. v. Teknion Furniture Sys.*,
   No. 93-cv-7810, 1996 U.S. Dist. LEXIS 8585 (N.D. Ill. June 19, 1996) ..........................10

*Hobbs v. John*,
   722 F.3d 1089 (7th Cir. 2013) ..............................................................................................6

*Icon Health & Fitness, Inc. v. Nautilus Grp., Inc.*,
   No. 02-cv-109, 2004 U.S. Dist. LEXIS 31511 (D. Utah Dec. 21, 2004) ...........................10

*Janky v. Lake Cty. Convention and Visitors Bureau*,
   576 F.3d 356 (7th Cir. 2009) ................................................................................................6

*M. Arthur Gensler Jr. & Assocs. v. Strabala*,
   764 F.3d 735 (7th Cir. 2014) ................................................................................................7

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
    227 F.3d 489 (5th Cir. 2000) ...................................................................................10

*Reed v. Columbia St. Mary's Hosp.*,
    915 F.3d 473 (7th Cir. 2019) .....................................................................................6

*Rovanco Piping Sys., Inc. v. Perma-Pipe Int'l Holdings, Inc.*,
    No. 21-cv-3522, 2022 WL 683690 (N.D. Ill. Mar. 8, 2022) .....................................8

*Shah v. NYP Holdings, Inc.*,
    No. 21-cv-06148, 2023 U.S. Dist. LEXIS 8076 (N.D. Ill. Jan. 18, 2023) ..........................7

*Shubitidze v. Boxer Prop.*,
    No. 20-cv-6455, 2021 U.S. Dist. LEXIS 46246 (N.D. Ill. Mar. 12, 2021) ........................7

*Signatours Corp. v. Hartford*,
    No. 14-cv-1581, 2015 U.S. Dist. LEXIS 30087
    (W.D. Wash. Mar. 10, 2015) .....................................................................................7

*United States ex rel. Bogina v. Medline Indus., Inc.*,
    809 F.3d 365 (7th Cir. 2016) .....................................................................................9

*United States v. Molina Healthcare of Ill., Inc.*,
    10 F.4th 765 (7th Cir. 2021) ......................................................................................9

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ...................................................................................7

## STATUTES

17 U.S.C. § 411(a) .................................................................................................................5

17 U.S.C. § 501(b) .................................................................................................................6

## RULES

Fed. R. Civ. P. 9(b) .......................................................................................................2, 7, 8, 9

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................7

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................7

## MISCELLANEOUS

5 Patry on Copyright § 17:77 (Sept. 2022) ...........................................................................5

6 Patry on Copyright § 19:4 ...................................................................................................5

6 Patry on Copyright § 19:5 ...................................................................................................6

I.      INTRODUCTION

Plaintiff Roadget Business Pte. Ltd.'s (d.b.a. "Shein") lawsuit takes aim at Defendant Whaleco, Inc. (d.b.a. "Temu")—a new competitor that launched a shopping website five months ago—with serious but baseless accusations of misconduct. The Complaint's thirteen counts accuse Temu of three wrongs: first, the creation of imposter Twitter accounts pretending to be Shein; second, the display of third-party product listings that infringe Shein's photographs; and third, a social-media campaign to disseminate false influencer statements about Shein's products.

As for the fake Twitter accounts, Temu never impersonated Shein and played no part in the creation of said Twitter accounts. Moreover, from Temu's investigation, these short-lived accounts are no longer active. Upon information and belief, Temu believes they were created by third-parties gaming Temu's affiliate program, an initiative rewarding users who refer at least five new customers to download Temu. Such activity violates Temu's Terms of Use and Cash Reward Referral Program Official Rules, and any affiliate link or code tied to the fake accounts has expired. The accounts barely generated traffic, less than a handful of people downloaded Temu's app using the links, and it does not appear that anyone purchased anything from Temu as a result. Temu understands that these are factual issues for another day. For now, it shares Shein's frustration with fake accounts, as Temu has dealt with its own fair share of imposters.

As for the infringing product listings, there are two threshold problems with Shein's infringement claim over the seven photographs at issue. First, three of them have not yet been registered with the Copyright Office; the Complaint admits that they have only "pending copyright applications." Compl. ¶ 51 (emphasis added). It is black-letter law that one cannot sue for copyright infringement until the Copyright Office acts on those pending applications. This alone requires dismissal of the copyright claims for these three works; the Court cannot keep them in this action while the applications are pending, notwithstanding Shein's promise to

1

amend in the future. Second, it is not clear who owns the copyrights at issue. The Complaint makes contradictory allegations of ownership, simultaneously alleging that three different companies own copyrights in the same images: Plaintiff Roadget, Guangzhou Shein Import & Export Co. Ltd., and Shein Distribution Corp. Without consistent allegations of ownership, Shein lacks standing to sue and cannot state a valid claim for copyright infringement.

As for the social-media "influencer" campaign, the Complaint fails to allege a single statement by any influencer. FRCP 9(b) applies a heightened pleading standard and requires that any false or deceptive statement be alleged in detail. The Complaint lacks the who, what, when, where, and how that Rule 9(b) requires. Without them, there is no reason to believe any statement was actually made, no basis to say it was false, and no way to claim it was injurious. The Complaint merely alleges the existence of a social media campaign that gives influencers free products to promote through social media. There is nothing actionable about Temu finding influencers who believe Temu compares favorably to Shein, or asking them to share those opinions with a headline clearly highlighting their enthusiasm about Temu. Nor is there anything problematic with the example headlines that Temu is "cheaper" and "better."

Shein's accusations against Temu do not withstand scrutiny. Although the factual deficiencies in Counts I to III, VII to XI, and XIII arising from the fake Twitter accounts will need to be addressed at a later time, the Court can and should dismiss the others—Count VI (copyright infringement) arising from the product listings and Counts IV (federal false advertising), V (contributory false advertising), and XII (product disparagement and trade libel) arising from the influencer campaign—as a matter of law now.

## II. FACTUAL BACKGROUND

Plaintiff Roadget Business Pte. Ltd. owns the Shein website (https://us.shein.com) and its corresponding mobile application. Compl. ¶ 2. Shein sells a broad selection of everyday

consumer products, including women's apparel and home goods. *Id.* ¶ 8. In May 2021, Shein's mobile application became the most downloaded shopping application in the U.S. and, a year later, became the most downloaded mobile application in the U.S. in any category. *Id.* ¶ 10. Like many other e-commerce platforms, Shein partners with social media influencers to promote its products, set trends, and attract potential customers. *Id.* ¶ 9.

Defendant Whaleco, Inc. owns Temu, which is also an online shopping platform accessible through a website (https://temu.com) and a mobile application. Compl. ¶ 3. Temu sells a broad selection of goods at low wholesale prices. *See id.* ¶¶ 3, 22. Temu recently launched in the United States on September 1, 2022. *Id.* ¶ 22. It quickly became the most downloaded e-commerce app in the fourth quarter of 2022,[1] with average daily installs greater than Shein's in November and December 2022.[2] News sources have credited Temu's meteoric rise to its "cheap factory-to-consumer goods"[3] and its "innovative ecommerce combination of online shopping and entertainment known as 'discovery-based shopping.'"[4]

On December 16, 2022, Shein commenced this action. The Complaint asserts thirteen separate counts for federal trademark counterfeiting, federal trademark infringement, federal

---

[1] Juozas Kaziukenas, *Temu is Most-Downloaded Shopping App in the US*, Marketplace Pulse (Oct. 20, 2022), https://www.marketplacepulse.com/articles/temu-is-most-downloaded-shopping-app-in-the-us.

[2] Sarah Perez, *Shopping App Temu is Using TikTok's Strategy to Keep Its No. 1 Spot on App Store*, TechCrunch (Jan. 23, 2023, 12:19 PM), https://techcrunch.com/2023/01/23/shopping-app-temu-is-using-tiktoks-strategy-to-keep-its-no-1-spot-on-app-store/.

[3] Ben Jiang, *Chinese E-commerce Apps Temu, Shein, TikTok Shop Emerge as Online Retail Force in US, Other Overseas Markets on Back of Low-cost Pricing Strategy*, South China Morning Post (Jan. 4, 2023, 9:00 PM), https://www.scmp.com/tech/big-tech/article/3205544/chinese-e-commerce-apps-temu-shein-tiktok-shop-emerge-online-retail-force-us-other-overseas-markets.

[4] Grit Daily, *Why Everyone Is Raving About Temu* (Jan. 19, 2023), https://gritdaily.com/why-everyone-is-raving-about-temu.

unfair competition and false designations of origin, federal false advertising, contributory false advertising, copyright infringement, federal trademark dilution, state trademark dilution, violation of the Illinois Uniform Deceptive Trade Practices Act, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, unfair competition, product disparagement and trade libel, and unjust enrichment. Compl. ¶¶ 61-163.

The Complaint accuses Temu of creating fake Twitter accounts. Compl. ¶¶ 28-45. Shein names three imposter Twitter handles acting under the guise of genuine Shein accounts: @SHEIN_DC, @SHEIN_USA_, and @SHEIN_NYC. *Id.* ¶ 29. Shein alleges that "Temu and/or third parties acting at Temu's direction and on its behalf" created these accounts which incorporate Shein's trademarks without authorization. *Id.* ¶¶ 28-29. These accounts instruct followers to download Temu through links directing them to Temu's platform. *Id.* ¶¶ 28-36.

The Complaint accuses Temu of infringing seven copyrighted photographs that were displayed without permission on listings created by third-party sellers over the Temu platform. Compl. ¶¶ 46-56. Between September 27 and October 26, 2022, Shein sought expedited copyright registrations for these works, presumably for this action. Four of the copyrights were registered by the U.S. Copyright Office, while three have applications that are still pending. *Id.* ¶ 51; *id.*, Exs. 4, 10. The registrations and applications all name Guangzhou Shein International Import & Export Co. Ltd. as the copyright owner. *Id.*, Ex. 4. Shein did not inform Temu that any of these listings were infringing until November 8, 2022, when Shein Distribution Corp. sent a DMCA notice-and-takedown letter to Temu purporting to be the owner of the rights. *Id.* ¶ 54; *id.*, Ex. 11. The Complaint does not mention Temu's response to that letter.

Finally, the Complaint accuses Temu of engaging in a social media campaign instructing influencers to spread allegedly false statements about the quality and price of Shein's products.

Compl. ¶¶ 57-60. The Complaint does not identify any actual influencer statements. Instead, it incorporates a Temu document describing the campaign "guidelines." *Id.* ¶ 57; *id.*, Ex. 12. According to the campaign guidelines, influencers are given free products from the Temu platform to try. *Id.*, Ex. 12. They are expected to post Instagram photos and videos with their recommendation and endorsement of Temu. *Id.* Influencers are then asked to clearly caption their posts and the Temu document provides sample "references" to help. *Id.* Shein takes issue with two references: "Shein is not the only cheap option for clothing! Check Temu.com out, cheaper and way better quality" and "Looking for clothes better than Shein but cheaper than revolve? Check Temu.com out." *Id.* ¶ 57; *id.*, Ex. 12. Shein alleges that "the clothes sold on Temu.com are not less expensive and not of higher quality" than Shein's. *Id.* ¶ 58.

### III. THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR COPYRIGHT INFRINGEMENT (COUNT VI)

#### A. Plaintiff Cannot Bring Copyright Infringement Claims For Works With Pending Applications for Registration

A plaintiff cannot sue for copyright infringement without a registration (or refusal of one) from the U.S. Copyright Office. 17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); 5 Patry on Copyright § 17:77 (Sept. 2022). It is not enough that an application was filed and is pending, or that registration is anticipated—the Copyright Office must first act on an application for the work before an infringement claim on that work can be brought in court. *Fourth Estate*, 139 S. Ct. at 887; 6 Patry on Copyright § 19:4.

The Complaint claims infringement over three works that Shein admits have not yet been registered. Complaint ¶¶ 18, 51 (Pending Case 1-11856789081; Pending Case 1-11857010711; Pending Case 1-11857095562). Shein promises it will amend the Complaint once the Copyright Office acts. *Id.* at ¶ 51. But a promise to amend does not cure the defect with Shein's now-unregistered works. Registration is "akin to an administrative exhaustion requirement that the

5

owner must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887. Because registration is mandatory, the Court must dismiss the copyright infringement claim as to these three works. Dismissal properly confines the scope of Shein's copyright claim to only those works properly before this Court. *See Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019) (the pleading "shapes" the relevant scope of an action).

### B. The Complaint Contains Contradictory Allegations of Ownership And Thus Plaintiff Cannot Bring a Claim for Copyright Infringement

Any valid claim for copyright infringement must start with a clear allegation of copyright ownership. Only the "legal or beneficial owner" of a copyrighted work is entitled to sue for its infringement. 17 U.S.C. § 501(b); *see also* 6 Patry on Copyright § 19:5; *Hobbs v. John*, 722 F.3d 1089, 1094 (7th Cir. 2013). Ownership is thus an essential element to a copyright infringement claim. *See Janky v. Lake Cty. Convention and Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (ownership is the first element of *prima facie* infringement claim).

The Complaint contains multiple contradictory allegations of ownership. It alleges that Plaintiff Roadget is the owner of the copyrights. Compl. ¶ 17. But it attaches copyright registrations stating that Guangzhou Shein International Import & Export Co. Ltd. is the copyright owner. *Id.*, Ex. 4. To further complicate matters, it also attaches a DMCA takedown request wherein Shein Distribution Corp. purports to be the owner. *Id.*, Ex. 11. These conflicting statements are not easily reconciled. To illustrate, the Complaint's statement that Roadget is the current owner cannot be true if the copyright registrations correctly list Guangzhou Shein International Import & Export as the owner. Similarly, Roadget cannot bring suit over the entire course of the alleged infringement if Shein Distribution Corp. was the exclusive owner of the rights at the time it sent the DMCA takedown.

6

These inconsistencies doom the copyright infringement claim. Contradictory allegations that "go to the heart" of the claim "render the [Complaint] defective on its face." *Shubitidze v. Boxer Prop.*, No. 20-cv-6455, 2021 U.S. Dist. LEXIS 46246, at *7 (N.D. Ill. Mar. 12, 2021); *see also Fleming v. Chi. Sch. of Prof'l Psychology*, No. 15-cv-9036, 2017 U.S. Dist. LEXIS 159669, at *16-17 (N.D. Ill. Sept. 18, 2017) (plaintiff "cannot create a claim from an allegation contradicted by an exhibit"). The Court can therefore dismiss for failure to state a claim under FRCP 12(b)(6). *See Shah v. NYP Holdings, Inc.*, No. 21-cv-06148, 2023 U.S. Dist. LEXIS 8076, at *8 (N.D. Ill. Jan. 18, 2023). It can also dismiss the claim under FRCP 12(b)(1) for lack of subject-matter jurisdiction because copyright ownership is required for standing and justiciability. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

Should Shein seek leave to amend, it cannot simply ignore the inconsistency it has pled itself into and pretend there is no ownership problem. If some conceivable chain-of-title exists that can reconcile these three conflicting claims of ownership, that chain must be spelled out in the pleading. *See Signatours Corp. v. Hartford*, No. 14-cv-1581, 2015 U.S. Dist. LEXIS 30087, at *6-7 (W.D. Wash. Mar. 10, 2015) (when registration lists an owner different from the named plaintiff, failure to explain the connection between the two results in dismissal for lack of standing). Until then, Shein's copyright claim cannot survive dismissal.

**IV. THE COMPLAINT FAILS TO STATE CLAIMS FOR FALSE ADVERTISING, DISPARAGEMENT, OR TRADE LIBEL (COUNTS IV, V AND XII)**

    **A. <u>Plaintiff Fails to Plead Any False or Misleading Statements With The Requisite Particularity Required by FRCP 9(b)</u>**

All claims that involve allegations of "false statements and deception . . . sound[] in fraud" and are subject to Rule 9(b)'s heightened pleading standard. *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 738 (N.D. Ill. 2011); *see also M. Arthur Gensler Jr. & Assocs. v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014) (false statements

7

likely to deceive are "a form of fraud" that requires Rule 9(b) standard). This applies to claims for false advertising, disparagement, and trade libel. *See Dynamic Fluid Control*, 790 F. Supp. 2d at 738 (Lanham Act's Section 1125(a)(1)(B) claims involve falsity and are, thus, subject to Rule 9(b)); *CardioNet, Inc. v. LifeWatch Corp.*, No. 07-cv-6625, 2008 U.S. Dist. LEXIS 15941, at *5-9 (N.D. Ill. Feb. 27, 2008) (Lanham Act and related state-law claims); *Advanced Steel Recovery, LLC v. X-Body Equip.*, No. 2:16-cv-148-KJM-JDP, 2022 U.S. Dist. LEXIS 23752, at *16-21 (E.D. Cal. Feb. 8, 2022) (defamation, disparagement, and Lanham Act claims).

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To do so, a plaintiff must state "the who, what, when, where, and how." *Rovanco Piping Sys., Inc. v. Perma-Pipe Int'l Holdings, Inc.*, No. 21-cv-3522, 2022 WL 683690, at *7 (N.D. Ill. Mar. 8, 2022) (citing *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). In other words, Shein must allege, for any false statement, who said it, what they said, when they said it, where it was said, and how it was false and injurious.

The Complaint fails to allege any specific statements were actually made, let alone the "who, what, when, where, and how." Instead, it merely incorporates a Temu marketing document containing *examples* for influencers to reference when creating content, including lines touting Temu as a cheaper and better option than Shein. But this document alone does not show that influencers made any statements at all. Without evidence of *actual* statements on social media, this Court is left to improperly speculate on what was actually said and in what context it was made. *See Cardionet, Inc.*, 2008 U.S. Dist. LEXIS 15941, at *8-9.

Without evidence of any actual statement, the Complaint simply alleges "[o]n information and belief" that "influencers" posted "false and misleading" statements "on social media." Compl. ¶ 59. But, conclusory allegations pled "on information and belief" are generally

8

insufficient for Rule 9(b). *United States v. Molina Healthcare of Ill., Inc.*, 10 F.4th 765, 781 (7th Cir. 2021). Because "a public accusation of fraud can do great damage to a firm before the firm is exonerated in litigation," Rule 9(b) requires more specificity from the outset. *United States ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016). Pleading "on information and belief" is only permitted under Rule 9(b) when "information asymmetries" render the underlying facts inaccessible to the plaintiff. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013). The underlying facts here are not inaccessible: any allegedly false statement would have been made publicly online by influencers to their social-media followers. *See* Compl. ¶ 59. Pleading "on information and belief" is not enough to satisfy Rule 9(b).

### B. Temu's Use of Influencer Guidelines To Promote Its Shopping Website Does Not, By Itself, Constitute False Advertising, Disparagement, or Trade Libel

Temu's influencer guidelines do not, by themselves, constitute false advertising, disparagement, or trade libel. Shein alleges that Temu provided social media influencers with "guidelines" for content creation. Compl. ¶ 57, Ex. 12. Specifically, influencers are asked to caption the Instagram videos that they create containing the Temu product, and "highlight" the influencer's reason as to "why [one should] choose Temu.com" concisely "in one line." *Id.*, Ex. 12 at 4. It provides five example captions influencers can use for "reference." *Id.*, Ex. 12 at 4-5. Specifically, Shein takes issues with the following examples: "Shein is not the only cheap option for clothing! Check Temu.com out, cheaper and way better quality!"; and "Looking for clothes better than Shein but cheaper than revolve? Check Temu.com out." *Id.*

There is nothing wrong with providing example captions to influencers. Of course, any claim for false advertising, disparagement or trade libel must be based on the actual statements made by influencers to the public—not on the exemplar references. *See Cardionet, Inc.*, 2008 U.S. Dist. LEXIS 15941, at *8-9.

Moreover, there is nothing inherently problematic with Temu's examples. Shein may believe it is impossible for any Temu product to be "cheaper" or "better," but that does not mean others cannot disagree. It is perfectly legal for an influencer to state that Temu's clothing is "cheaper" if there are in fact less expensive items, even if people may disagree on which items are comparable. *See Cont'l Datalabel, Inc. v. Avery Dennison Corp.*, No. 09-cv-5980, 2012 U.S. Dist. LEXIS 160802, at *20 (N.D. Ill. Nov. 9, 2012) (statement not actionable under Lanham Act if not literally false or without evidence that it misled); *Herman Miller, Inc. v. Teknion Furniture Sys.*, No. 93-cv-7810, 1996 U.S. Dist. LEXIS 8585, at *9 (N.D. Ill. June 19, 1996) (same under commercial disparagement). And, an influencer is allowed to state that Temu's clothing is "better" than Shein's if that is what they believe. *See Bd. of Forensic Document Exam'rs, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 833 (7th Cir. 2019) (opinions not actionable under Lanham Act); *Freiburger v. Timmerman*, No. 13-cv-8174, 2016 U.S. Dist. LEXIS 115166, at *43 (N.D. Ill. Aug. 26, 2016) (same under commercial disparagement); *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 499 (5th Cir. 2000) ("Better Ingredients [,] Better Pizza" alone is not actionable); *Icon Health & Fitness, Inc. v. Nautilus Grp., Inc.*, No. 02-cv-109, 2004 U.S. Dist. LEXIS 31511, at *72-73 (D. Utah Dec. 21, 2004) ("better" is statement of opinion).

All of this underscores the folly of a false advertising, disparagement or trade libel claim that never identifies the actual false or misleading statements. Without the disseminated statements, there is no context to determine whether they are actionable. The current pleading is fatally deficient. The claims should be dismissed for failure to state a claim as a matter of law.

## V.   CONCLUSION

Shein's claims fail for basic yet fundamental reasons. There can be no copyright infringement claim if the works are not registered and the plaintiff cannot properly plead ownership. There can be no false advertising, disparagement, or trade libel claim if the plaintiff

10

does not identify the false statements that were made. For these reasons, the Court should dismiss Count VI (copyright infringement), Count IV (federal false advertising), Count V (contributory false advertising), and Count XII (product disparagement and trade libel).

Dated: February 8, 2023

Respectfully submitted,

By: /s/ Steven P. Mandell
Steven P. Mandell
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com

Victor H. Jih (*pro hac vice*)
Russell L. Kostelak (*pro hac vice*)
Ryan Benyamin (*pro hac vice*)
Kelly H. Yin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (323) 210-2999
Facsimile: (866) 974-7329
Email: vjih@wsgr.com
Email: rkostelak@wsgr.com
Email: rbenyamin@wsgr.com
Email: kyin@wsgr.com

Qifan Huang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: qhuang@wsgr.com

*Counsel for Defendant WhaleCo, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing document has been served on February 8, 2023 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

    /s/ Steven P. Mandell
    Steven P. Mandell