UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>PDD HOLDINGS INC., a Cayman Islands corporation, and WHALECO, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 1:22-cv-07119<br><br>Judge: Hon. Franklin U. Valderrama<br><br>Magistrate Judge: Hon. Jeffrey Cummings<br><br>JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. See Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." See Fed. R. Civ. P. 16(b)(4).

**I.    The Nature of the Case**

**A.  Identify the attorneys of record for each party, including the lead trial attorney.**

**Plaintiff**
Michael A. Nicodema (*lead trial attorney*)
GREENBERG TRAURIG, LLP
777 South Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
(561) 650-7900
nicodemam@gtlaw.com

Barry R. Horwitz
Marc H. Trachtenberg
Jacqueline V. Brousseau
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400

**Defendant**
Steven P. Mandell (#6183729)
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com

Victor H. Jih (*pro hac vice*) (*lead trial attorney*)
Russell L. Kostelak (*pro hac vice*)
Ryan Benyamin (*pro hac vice*)
Kelly H. Yin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

1

horwitzb@gtlaw.com
trachtenbergm@gtlaw.com
brousseauj@gtlaw.com

1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (323) 210-2999
Facsimile: (866) 974-7329
Email: vjih@wsgr.com
Email: rkostelak@wsgr.com
Email: rbenyamin@wsgr.com
Email: kyin@wsgr.com

Qifan Huang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: qhuang@wsgr.com

### B. State the basis for federal jurisdiction.

The Court has subject matter jurisdiction over the federal counts of the Complaint by virtue of 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims arise out of federal questions concerning trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, federal unfair competition pursuant to 15 U.S.C. § 1125(a), copyright infringement pursuant to 17 U.S.C. § 101, and dilution pursuant to 15 U.S.C. § 1125(c). The Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to § 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

### C. Case Overview

Plaintiff Roadget Business Pte. Ltd. ("Roadget" or "Plaintiff") and Defendants Whaleco, Inc. and PDD Holdings, Inc. (collectively, "Temu" or "Defendants") operate competing shopping websites and mobile applications. Plaintiff alleges that Temu has willfully infringed Roadget's exclusive and valuable trademark rights and copyright rights and has engaged in unfair competition and false and deceptive business practices, including by impersonating Roadget's well-known

SHEIN brand on social media, trading off of the well-known SHEIN trademarks on social media and in deceptive advertisements, and using copyrighted images owned by Roadget as part of Temu's product listings. Temu is alleged to have used the SHEIN trademarks, and the goodwill associated with that brand, to unlawfully promote Temu's products and services, including its new online retail store, and to trick consumers into downloading Temu's mobile application. Additionally, Roadget alleges that it has discovered evidence that Temu is actively inducing others, namely social media influencers (the main brand ambassadors for both parties), to make false and deceptive statements about Plaintiff's SHEIN brand on social media. Temu denies all of these allegations.

### D. Claims Asserted

This is an action for (i) trademark counterfeiting in violation of the Trademark Act of 1946, 15 U.S.C. § 1114; (ii) trademark infringement in violation of the Trademark Act of 1946, 15 U.S.C. § 1114; (iii) the use of false designations of origin and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); (iv) the use of false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); (v) contributory false advertising in violation of Trademark Act of 1946, 15. U.S.C. § 1125(a); (vi) copyright infringement under 17 U.S.C. § 101 et seq.; (vii) trademark dilution in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(c); (viii) trademark dilution under the Illinois Trademark Registration and Protection Act, formerly the Anti-Dilution Act, 765 ILCS 1036/65; (ix) deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.; (x) deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.; (xi) unfair competition in violation of Illinois

common law; (xii) product disparagement and trade libel under Illinois common law; and (xiii) unjust enrichment.

   E.  **Principal Factual and Legal Issues**

The first primary issue is whether Temu violated Roadget's trademark rights by using Roadget's trademarks on Twitter accounts and Google advertisements. The principal disputes here relate to whether use of SHEIN on Twitter accounts and Google advertisements that direct users to Temu's website and/or mobile application is likely to cause confusion as to the source of Temu's products and services. Temu contends that it was not responsible for creating the Twitter accounts and that Temu's use of Google advertisements was not and is not likely to cause confusion as to the source of Temu's products and services.

The second primary issue is whether Roadget's copyrighted images on the Temu website and mobile application constitutes copyright infringement under the Copyright Act. The principal disputes here are whether Roadget owns the copyrights at issue, whether Temu complied with its takedown obligations and is entitled to DMCA protection, and whether and the extent to which Roadget was harmed.

The third primary issue is whether Temu induced social media influencers to use and disparage the SHEIN marks, while promoting Temu's products as being "cheaper" and of "better quality" than products associated with Roadget and the SHEIN marks. The principal disputes here are whether any false or disparaging statements were made by any influencers, whether Temu is responsible for inducing those statements if they were made, and whether and to what extent Roadget was harmed by those statements.

### F. Relief Sought

Roadget seeks injunctive relief as well as damages. Plaintiff seeks actual damages for false designation of origin, trademark infringement, unfair competition, and copyright infringement. Plaintiff is not able to calculate or estimate damages yet, because it does not know the extent of Defendant's sales, which will, in part, form the basis for damages by way of Plaintiff's lost profits and/or disgorgement of Defendant's products. Plaintiff additionally seeks treble damages under 15 U.S.C. § 1117(b) and statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c). Plaintiff finally seeks punitive damages in view of Defendant's alleged wanton and deliberate illegal acts committed with oppression, fraud, or malice.

### G. Service

Whaleco, Inc. has been served and counsel for Whaleco has appeared in the case. PDD Holdings is expected to be served shortly.

## II. Discovery

### A. Proposed Discovery Schedule

| Event | Deadline |
|---|---|
| Initial Discovery Responses | April 7, 2023 |
| Amendment to the pleadings | Roadget's Proposed Deadline: June 9, 2023<br><br>Whaleco's Proposed Deadline: May 8, 2023 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | February 16, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery: March 18, 2024 |
| Depositions of Plaintiff's Expert(s) | April 19, 2024 |
| Disclosure of Defendant's Expert Report(s) | May 20, 2024 |
| Deposition of Defendant's Expert(s) | June 20, 2024 |
| Dispositive Motions | One month after the close of expert discovery: July 22, 2024 |

### B. Number of Depositions

The parties each expect to take up to ten (10) depositions, as allowed under Rule 30(a)(2)(A)(i).

### C. Anticipated Special Issues

Roadget expects that there will be a significant amount of third-party discovery in this case, including on Twitter, Google and influencers who received and/or disseminated the false influencer statements as alleged in the complaint.

### D. Proposed Discovery Plan

Roadget and Whaleco have discussed the discovery plan, including the topics listed in Rule 26(f)(3). The parties have generally discussed the subjects on which discovery is needed, and agree that discovery need not be conducted in phases. The parties have also agreed that (i) no changes need be made to the timing, form or requirements for initial disclosures, which shall be served by the deadline noted above, (ii) they will agree on and submit an appropriate confidentiality order based on the template provided by the Northern District of Illinois (which will address issues relating to privilege and clawback of privileged materials), and (iii) no changes need be made to the limitations on discovery imposed under the Federal Rules or by local rule. The parties are still discussing a potential plan or protocol for the production of electronically stored information (ESI) and the format for production of same. PDD Holdings had not been served with the Amended Complaint at the time of this discussion.

## III. Trial

### A. Jury Trial Demand

Plaintiff requests a trial by jury as to all issues triable to a jury.

### B. Estimated Length of Trial

The parties estimate a jury trial to last 5-7 days.

**IV.     Settlement, Referrals, and Consent**

   **A.     Status of Settlement Discussions**

The parties have not formally discussed settlement at this time.

   **B.     Request for a Settlement Conference**

The parties are not requesting a settlement conference at this time.

   **C.     Consent to Magistrate**

The parties do not consent to proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment.

**By:** /s/ Barry R. Horwitz
Barry R. Horwitz
Marc H. Trachtenberg
Jacqueline V. Brousseau
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)
horwitzb@gtlaw.com
trachtenbergm@gtlaw.com
brousseauj@gtlaw.com

Michael A. Nicodema (*pro hac vice forthcoming*)
GREENBERG TRAURIG, LLP
777 South Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
(561) 650-7900
nicodemam@gtlaw.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

**By:** /s/ Steven P. Mandell
Steven P. Mandell (#6183729)
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com

Victor H. Jih (*pro hac vice*)
Russell L. Kostelak (*pro hac vice*)
Ryan Benyamin (*pro hac vice*)
Kelly H. Yin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (323) 210-2999
Facsimile: (866) 974-7329
Email: vjih@wsgr.com
Email: rkostelak@wsgr.com
Email: rbenyamin@wsgr.com
Email: kyin@wsgr.com

Qifan Huang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: qhuang@wsgr.com

*Counsel for Defendant Whaleco Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: March 1, 2023                                            /s/ Barry R. Horwitz