IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>   Plaintiff,<br> v.<br><br>PDD HOLDINGS INC., a Cayman Islands corporation, and WHALECO, INC., a Delaware corporation,<br><br>   Defendants. | CASE NO.: 1:22-cv-07119<br><br>Hon. Franklin U. Valderrama<br><br>Magistrate Judge: Hon. Jeffrey Cummings<br><br>JURY TRIAL DEMANDED |

**DEFENDANT PDD HOLDINGS INC.'S ANSWER TO COMPLAINT**

Defendant PDD Holdings Inc. ("PDD") hereby answers the First Amended Complaint ("FAC") filed by Plaintiff Roadget Business PTE. LTD ("Roadget").

Except as expressly admitted herein, PDD denies any and all allegations as set forth in the Complaint. PDD reserves the right to amend and/or supplement its Answer as may be necessary. PDD further answers the numbered paragraphs in the FAC as follows:

**NATURE OF ACTION**

1. PDD denies the allegations in Paragraph 1, except that it admits that this action purports to state claims of trademark counterfeiting, trademark infringement, false designations of origin, unfair competition, use of false and misleading descriptions, contributory false advertising, copyright infringement, trademark dilution, deceptive trade practices, unfair competition, product disparagement and trade libel, and unjust enrichment.

**PARTIES**

2. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies them.

3. PDD denies the allegations in Paragraph 3, except that it admits that it is a Cayman Islands corporation with a principal place of business at First Floor, 25 St. Stephen's Green, Dublin 2, D02 XF99, Ireland, and is a publicly traded company listed on the NASDAQ exchange as "PDD."

4. PDD denies the allegations in Paragraph 4, except that it admits that WhaleCo is a Delaware corporation, has a principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116, and operates the TEMU platform.

## JURISDICTION & VENUE

5. PDD denies the allegations in Paragraph 5, except that it admits this court has subject matter jurisdiction over the federal questions.

6. PDD denies the allegations in Paragraph 6, except that it admits that this court may exercise supplemental jurisdiction over state law claims.

7. PDD denies the allegations in Paragraph 7.

8. PDD denies the allegations in Paragraph 8.

9. PDD denies the allegations in Paragraph 9.

## FACTUAL BACKGROUND

A. The SHEIN Brand and Roadget's Valuable Intellectual Property Rights

10. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies them.

12. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies them.

13. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies them.

14. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies them.

15. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies them.

16. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies them.

17. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies them.

18. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them.

19. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies them.

20. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies them.

21. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies them.

22. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies them.

23. PDD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies them.

B.    **Defendants and Their Wrongful Conduct**

24.    PDD denies the allegations in Paragraph 24, except that it admits that Temu launched on September 1, 2022, is available through its website and app, and offers a variety of products for sale.

25.    PDD denies the allegations in Paragraph 25.

26.    PDD denies the allegations in Paragraph 26.

27.    PDD denies the allegations in Paragraph 27.

28.    PDD denies the allegations in Paragraph 28.

29.    PDD denies the allegations in Paragraph 29.

   i.    **Temu's Fraudulent Twitter Accounts**

30.    PDD denies the allegations in Paragraph 30.

31.    PDD denies the allegations in Paragraph 31.

32.    PDD denies the allegations in Paragraph 32.

33.    PDD denies the allegations in Paragraph 33.

34.    PDD denies the allegations in Paragraph 34.

35.    PDD denies the allegations in Paragraph 35.

36.    PDD denies the allegations in Paragraph 36.

37.    PDD denies the allegations in Paragraph 37.

38.    PDD denies the allegations in Paragraph 38.

39.    PDD denies the allegations in Paragraph 39.

40.    PDD denies the allegations in Paragraph 40.

41.    PDD denies the allegations in Paragraph 41.

42.    PDD denies the allegations in Paragraph 42.

43.    PDD denies the allegations in Paragraph 43.

44. PDD denies the allegations in Paragraph 44.

45. PDD denies the allegations in Paragraph 45.

46. PDD denies the allegations in Paragraph 46, except that it admits that counsel for Roadget sent WhaleCo a letter on November 1, 2022.

47. PDD denies the allegations in Paragraph 47.

### ii. Temu's Infringement of the SHEIN Registered Copyrights

48. PDD denies the allegations in Paragraph 48.

49. PDD denies the allegations in Paragraph 49.

50. PDD denies the allegations in Paragraph 50.

51. PDD denies the allegations in Paragraph 51.

52. PDD denies the allegations in Paragraph 52.

53. PDD denies the allegations in Paragraph 53.

54. PDD denies the allegations in Paragraph 54.

55. PDD denies the allegations in Paragraph 55.

56. PDD denies the allegations in Paragraph 56, except that it admits that counsel for Shein Distribution Corporation sent Whaleco a purported DMCA takedown notice on November 8, 2022.

57. PDD denies the allegations in Paragraph 57.

58. PDD denies the allegations in Paragraph 58.

59. PDD denies the allegations in Paragraph 59.

60. PDD denies the allegations in Paragraph 60.

### iii. Temu's Unlawful Influencer Pitch

61. PDD denies the allegations in Paragraph 61.

62. PDD denies the allegations in Paragraph 62.

63. PDD denies the allegations in Paragraph 63.

64. PDD denies the allegations in Paragraph 64.

65. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies them.

66. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

67. PDD denies the allegations in Paragraph 67.

68. PDD denies the allegations in Paragraph 68.

### iv. Temu's Unlawful Advertising

69. PDD denies the allegations in Paragraph 69.

70. PDD denies the allegations in Paragraph 70.

71. PDD denies the allegations in Paragraph 71.

72. PDD denies the allegations in Paragraph 72.

73. PDD denies the allegations in Paragraph 73.

74. PDD denies the allegations in Paragraph 74.

75. PDD denies the allegations in Paragraph 75.

76. PDD denies the allegations in Paragraph 76.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

77. PDD repeats each and every response contained above and further responds below.

78. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and on that basis denies them.

79. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and on that basis denies them.

80. PDD denies the allegations in Paragraph 80.

81. PDD denies the allegations in Paragraph 81.

82. PDD denies the allegations in Paragraph 82.

83. PDD denies the allegations in Paragraph 83.

84. PDD denies the allegations in Paragraph 84.

85. PDD denies the allegations in Paragraph 85.

86. PDD denies the allegation in Paragraph 86.

87. PDD denies the allegation in Paragraph 87.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

88. PDD repeats each and every response contained above and further responds below.

89. PDD denies the allegations in Paragraph 89.

90. PDD denies the allegations in Paragraph 90.

91. PDD denies the allegations in Paragraph 91.

92. PDD denies the allegations in Paragraph 92.

93. PDD denies the allegations in Paragraph 93.

94. PDD denies the allegation in Paragraph 94.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN
## (15 U.S.C. § 1125(a)(1)(A))

95. PDD repeats each and every response contained above and further responds below.

96. PDD denies the allegations in Paragraph 96.

97. PDD denies the allegations in Paragraph 97.

98. PDD denies the allegations in Paragraph 98.

99. PDD denies the allegations in Paragraph 99.

100. PDD denies the allegation in Paragraph 100.

101. PDD denies the allegation in Paragraph 101.

## COUNT IV
## FEDERAL FALSE ADVERTISING
## (15 U.S.C. § 1125(a)(1)(B))

102. PDD repeats each and every response contained above and further responds below.

103. PDD denies the allegations in Paragraph 103.

104. PDD denies the allegations in Paragraph 104.

105. PDD denies the allegation in Paragraph 105.

106. PDD denies the allegation in Paragraph 106.

## COUNT V
## CONTRIBUTORY FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

107. PDD repeats each and every response contained above and further responds below.

108. PDD denies the allegations in Paragraph 108.

109. PDD denies the allegations in Paragraph 109.

110. PDD denies the allegations in Paragraph 110.

111. PDD denies the allegations in Paragraph 111.

112. PDD denies the allegations in Paragraph 112.

113. PDD denies the allegations in Paragraph 113.

114. PDD denies the allegation in Paragraph 114.

115. PDD denies the allegation in Paragraph 115.

## COUNT VI
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

116. PDD repeats each and every response contained above and further responds below.

117. PDD denies the allegations in Paragraph 117.

118. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118, and on that basis denies them.

119. PDD denies the allegations in Paragraph 119.

120. PDD denies the allegations in Paragraph 120.

121. PDD lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and on that basis denies them.

122. PDD denies the allegations in Paragraph 122.

## COUNT VII
## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

123. PDD repeats each and every response contained above and further responds below.

124. PDD denies the allegations in Paragraph 124.

125. PDD denies the allegations in Paragraph 125.

126. PDD denies the allegations in Paragraph 126.

127. PDD denies the allegations in Paragraph 127.

128. PDD denies the allegation in Paragraph 128.

## COUNT VIII
## TRADEMARK DILUTION UNDER THE
## ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT
## (765 ILCS 1036/65)

129. PDD repeats each and every response contained above and further responds below.

130. PDD denies the allegations in Paragraph 130.

131. PDD denies the allegations in Paragraph 131.

132. PDD denies the allegations in Paragraph 132.

133. PDD denies the allegations in Paragraph 133.

134. PDD denies the allegation in Paragraph 134.

135. PDD denies the allegations in Paragraph 135.

## COUNT IX
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS 510)

136. PDD repeats each and every response contained above and further responds below.

137. PDD denies the allegations in Paragraph 137.

138. PDD denies the allegations in Paragraph 138.

139. PDD denies the allegations in Paragraph 139.

140. PDD denies the allegations in Paragraph 140.

141. PDD denies the allegation in Paragraph 141.

142. PDD denies the allegations in Paragraph 142.

143. PDD denies the allegations in Paragraph 143.

144. PDD denies the allegations in Paragraph 144.

145. PDD denies the allegation in Paragraph 145.

## COUNT X
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS 505)

146. PDD repeats each and every response contained above and further responds below.

147. PDD denies the allegations in Paragraph 147.

148. PDD denies the allegations in Paragraph 148.

149. PDD denies the allegations in Paragraph 149.

150. PDD denies the allegations in Paragraph 150.

151. PDD denies the allegations in Paragraph 151.

152. PDD denies the allegations in Paragraph 152.

153. PDD denies the allegations in Paragraph 153.

154. PDD denies the allegations in Paragraph 154.

155. PDD denies the allegations in Paragraph 155.

156. PDD denies the allegations in Paragraph 156.

## COUNT XI
## UNFAIR COMPETITION
### (ILLINOIS COMMON LAW)

157. PDD repeats each and every response contained above and further responds below.

158. PDD denies the allegations in Paragraph 158.

159. PDD denies the allegations in Paragraph 159.

160. PDD denies the allegations in Paragraph 160.

161. PDD denies the allegations in Paragraph 161.

162. PDD denies the allegations in Paragraph 162.

163. PDD denies the allegations in Paragraph 163.

164. PDD denies the allegation in Paragraph 164.

165. PDD denies the allegations in Paragraph 165.

## COUNT XII
## PRODUCT DISPARAGEMENT AND TRADE LIBEL
## (ILLINOIS COMMON LAW)

166. PDD repeats each and every response contained above and further responds below.

167. PDD denies the allegations in Paragraph 167.

168. PDD denies the allegations in Paragraph 168.

169. PDD denies the allegations in Paragraph 169.

170. PDD denies the allegations in Paragraph 170.

## COUNT XIII
## UNJUST ENRICHMENT
## (ILLINOIS COMMON LAW)

171. PDD repeats each and every response contained above and further responds below.

172. PDD denies the allegations in Paragraph 172.

173. PDD denies the allegations in Paragraph 173.

174. PDD denies the allegations in Paragraph 174.

175. PDD denies the allegations in Paragraph 175.

176. PDD denies the allegations in Paragraph 176.

177. PDD denies the allegations in Paragraph 177.

178. PDD denies the allegations in Paragraph 178.

179. PDD denies the allegations in Paragraph 179.

180. PDD denies the allegations in Paragraph 180.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

This court lacks personal jurisdiction over PDD.

### Second Affirmative Defense

Plaintiff fails to state facts or claims against PDD upon which relief can be granted.

### Third Affirmative Defense

Plaintiff's causes of action are barred in whole or in part because of the First Amendment and the doctrines of privilege and justification.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

### Fifth Affirmative Defense

Plaintiff is barred from making a claim under the Copyright Act because it has not properly registered the works at issue, and/or because its registrations are invalid due to fraud on the copyright office.

### Sixth Affirmative Defense

Plaintiff's copyright claims are barred, in whole or in part, because PDD's actions had the consent and/or authorization of Plaintiff.

### Seventh Affirmative Defense

Plaintiff's copyright claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### PRAYER FOR RELIEF

WHEREFORE, Defendant PDD respectfully requests the following relief:

1. A judgment in favor of PDD, denying Plaintiff's claims with prejudice and prayers for relief;

2. That PDD be awarded its costs of suit, including reasonable attorney's fees; and

3. That the Court award PDD such other and further relief as the Court deems just and proper.

## JURY DEMAND

PDD demands a trial by jury on all issues so triable.

Dated: April 6, 2023

Respectfully submitted,

By: /s/ Steven P. Mandell
Steven P. Mandell (ARDC #6183729)
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com

Victor H. Jih (*pro hac vice*)
Russell L. Kostelak (*pro hac vice)*
Ryan Benyamin (*pro hac vice*)
Kelly H. Yin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (323) 210-2999
Email: vjih@wsgr.com
Email: rkostelak@wsgr.com
Email: rbenyamin@wsgr.com
Email: kyin@wsgr.com

Qifan Huang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Email: qhuang@wsgr.com

*Attorneys for Defendant*
*PDD Holdings Inc. and Whaleco, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney of record certifies that she caused a true and correct copy of the foregoing, Defendant PDD Holdings Inc.'s Answer to Complaint to be filed electronically on April 6, 2023. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

/s/ Steven P. Mandell