UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>*Plaintiff*,<br><br>v.<br><br>PDD HOLDINGS INC., a Cayman Islands corporation, and WHALECO, INC., a Delaware corporation, and DOES 1-60,<br><br>*Defendants*. | Civil Action No. 1:22-cv-07119<br><br>Judge: Hon. Franklin U. Valderrama<br><br>Magistrate Judge: Hon. Jeffrey Cummings<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ROADGET BUSINESS PTE. LTD.'S OPPOSED MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff Roadget Business Pte. Ltd. ("Roadget") files this Motion For A Temporary Restraining Order to respectfully request immediate injunctive relief to stop and enjoin Defendants PDD Holdings Inc. and WhaleCo, Inc., (together, "Defendants" or "Temu") from ongoing and extensive infringements of Roadget's U.S. registered trademarks and copyrighted works, as detailed in the recently filed Second Amended Complaint ("SAC") and in the accompanying Memorandum of Law in Support of Plaintiff's Motion For A Temporary Restraining Order. In support of this Motion, Roadget states as follows:

1. Plaintiff owns numerous U.S. trademark and copyright registrations associated with "Shein," one of the most popular online fashion and lifestyle retailers in the world. The registered trademarks ("SHEIN Marks") include the mark SHEIN and affiliate brands SHEIN CURVE, ROMWE, DAZY, EMERY ROSE, SHEGLAM, and LUVLETTE, to promote the sale of trendy apparel and goods offered to the U.S. market through the Shein website (https://us.shein.com) and

1

mobile app (collectively, the "SHEIN Website").

2. Defendants own and operate Temu, an online store and mobile app (collectively, the "Temu Website") that launched in the U.S. in 2022 and that Defendants hold out as an online marketplace that sells inexpensive clothing and household goods. Unlike traditional marketplaces, Temu closely manages and curates product listings on the Temu Website.

3. Temu product listings reflect rampant, wholesale copying of product images and designs from the SHEIN Website. Roadget and its licensee have sent DMCA takedown notices for *thousands* of infringing listings to Temu. As alleged in the operative complaint, over 270 of Roadget's copyrighted works were infringed by listings on Temu – and new infringing listings continue to be discovered.[1] Further investigation has also revealed that Temu unduly delayed removing certain infringing listings, while others continued to remain active on the Temu Website (at least as of June 2023) notwithstanding that the listings were identified in DMCA notices sent months ago (and as early as November 2022).

4. Moreover, Defendants have not stopped infringing the SHEIN Marks – even in instances where they filed a sworn declaration stating otherwise. In particular, Temu continues to display unauthorized SHEIN Marks in webpage titles falsely advertising that consumers can "Buy Shein" products "On Temu," contrary to Defendants' declarant representing (under oath) that this practice ceased when it in fact did not. Additional new and ongoing violations include Temu's use of additional counterfeit marks on (i) clothing designs (SAC ¶¶ 192-97); (ii) product labels used in images for listings that do not sell genuine SHEIN-branded apparel (*id.* ¶¶ 136-40); (iii) webpage titles falsely advertising that "Shein" and affiliate-branded products can be purchased

---

[1] Indeed, on June 30, 2023, counsel for Roadget informed counsel for Defendants that after the Second Amended Complaint was lodged with the Court on June 9, 2023, Plaintiff discovered additional photos and products on the Temu Website that infringe its copyrighted photos and designs, as shown in about 250 distinct product listings on the SHEIN Website.

"On Temu" (*id.* ¶¶ 163-74); (iv) a counterfeit storefront called SHINE that uses an intentional misspelling and a well-known, widely-used phonetic mispronunciation of the SHEIN Mark, and displays product images copied from the SHEIN Website (*id.* ¶¶ 215-20); and (v) in Temu-generated search term recommendations (*id.* ¶¶ 175-91).

5. Temu's blatant conduct underscores that an immediate injunction is warranted. This is especially so given that Plaintiff's prior request for relief based on evidence establishing Temu's use of counterfeit SHEIN marks in deceptive ads (submitted in support of the pending motion for preliminary injunction, Dkt. 23), as well as other infringing uses (including the fraudulent Twitter accounts and sponsored ads, and the counterfeit SHEIN watermark, *see generally* Dkts. 24, 38, 53-1 and 60), has not deterred Defendants from continuing, and somehow finding new ways, to deliberately misappropriate and exploit the goodwill associated with the SHEIN Marks, in order to divert consumers away from the SHEIN Website and deceive them into visiting the TEMU Website where numerous product listings display identical or substantially similar product images and/or designs copied from Shein.

6. Immediate injunctive relief is necessary because Temu continues to engage in infringing conduct by using counterfeit versions of several of the SHEIN Marks to advertise goods sold on the Temu Website, while failing to expeditiously remove infringing listings despite having knowledge of specific copyright violations. Even in instances where unauthorized listings were taken down, the same infringing work(s) reappeared in other product listings (including by the same initial seller) that the Temu Website actively promotes or recommends to consumers. These violations have caused irreparable harm to Plaintiff which cannot effectively enforce its IP rights against Temu because Temu's sellers are incentivized to outcompete Shein by offering cheaper versions of products copied from the SHEIN Website. Moreover, widespread use of counterfeit

SHEIN Marks on Temu have likely caused confusion among consumers who are explicitly misled to believe that SHEIN-branded products are sold on Temu. Without immediate relief, Temu will continue to unfairly exploit the goodwill associated with Plaintiff's copyrighted works and trademarks, and dilute the brands.

7. As set forth in Plaintiff's accompanying Memorandum of Law in support of its Motion for a Temporary Restraining Order and the supporting Declarations of George Chiao, Tim Wei, and Nina D. Boyajian, Plaintiff has established (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the threatened harm to Roadget outweighs the threatened injury to Defendants; and (4) that granting injunctive relief is in the public interest.

8. Defendants oppose this Motion.

WHEREFORE, for the reasons above, and as set forth in more detail in Plaintiff's Memorandum and Declarations, Plaintiff respectfully requests that Court enter an Order in the form set forth in Plaintiff's concurrently filed (Proposed) Temporary Restraining Order.

Dated: July 7, 2023                                ROADGET BUSINESS PTE. LTD.

                                                   By: /s/ Nina D. Boyajian
                                                       Nina D. Boyajian (*pro hac vice*)
                                                       boyajiann@gtlaw.com
                                                       David H. Marenberg (*pro hac vice*)
                                                       marenbergd@gtlaw.com
                                                       1840 Century Park East, Suite 1900
                                                       Los Angeles, CA 90067-2121
                                                       Tel.: 310-586-7700
                                                       Fax: 310-586-7800

                                                       Barry R. Horwitz
                                                       Barry.Horwitz@gtlaw.com
                                                       Marc H. Trachtenberg
                                                       TrachtenbergM@gtlaw.com

GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: 312-456-8400
Fax: 312-456-8435

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: July 7, 2023                            /s/ *Nina D. Boyajian*