# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | CASE NO. 1:22-cv-07119 |
| | Judge: Hon. Franklin U. Valderrama |
| Plaintiff, | Magistrate Judge: Hon. Jeffrey Cummings |
| v. | |
| PDD HOLDINGS INC., a Cayman Islands corporation, and WHALECO, INC., a Delaware corporation, and DOES 1-60, | |
| Defendants. | |

## PLAINTIFF ROADGET BUSINESS PTE. LTD.'S RESPONSE TO MINUTE ENTRY [DKT. 90] REGARDING PLAINTIFF'S PI MOTION [DKT. 23] AND ITS TRO MOTION [DKT. 71]

On July 24, 2023, the Court directed Plaintiff ("Shein") to inform the Court "(1) whether the motion for preliminary injunction moots the TRO and if not, whether the Plaintiff can proceed with the motion for preliminary injunction despite it referring to the non-operative complaint; and (2) how the motion for preliminary injunction is substantively different from the TRO." (Dkt 90.)

With respect to the first inquiry, Shein hereby confirms that its motion for preliminary injunction (the "PI Motion") did not moot its TRO (the "TRO Motion"), nor did the TRO Motion moot the PI Motion. Moreover, the Court can proceed with ruling on Plaintiff's PI Motion and its supplement to same (*see* Dkt. 53), even though they refer to a non-operative complaint, because the allegations forming the basis for the wrongful conduct Shein seeks to enjoin in the PI Motion and its supplement remain live in the operative Second Amended Complaint and are subsumed

1

in, and encompassed by, the TRO Motion. (*Compare* Dkt. 24, pp. 5-7 *with* Dkt. 64, ¶¶ 65-82, 156-162 (Defendants' use of Imposter Twitter Accounts and Infringing Ads); *compare* Dkt. 53-1 pp. 2-5 *with* Dkt. 64, ¶¶ 140-45, 163-67 (detailing Defendants' use of SHEIN watermarks and Infringing Page titles).)

On the Court's second inquiry, the TRO Motion is substantively different from the PI Motion because it encompasses additional types and examples of Defendants' infringements that Shein discovered after filing its PI Motion and supplement. After Shein filed its PI Motion and its supplement, Shein discovered egregious additional infringements and filed a Second Amended Complaint on June 14, 2023. Shein filed its TRO Motion on July 7, 2023, re-asserting and incorporating the unlawful conduct from the PI Motion and its motion to supplement. (Dkt. 72 at 1.) The TRO Motion further asserts additional infringements by Defendants that Shein had not discovered at the time of the PI Motion, including: (a) additional counterfeit marks on clothing designs and on product tags in images for product listings that are not genuine SHEIN-branded apparel; (b) new webpage titles falsely advertising that "Shein" and its affiliate-branded products can be purchased "On Temu"; (c) a new counterfeit storefront called SHINE (a well-known, widely-used phonetic mispronunciation of the SHEIN Mark), which displays product images copied from the SHEIN Website; (d) rampant infringement of additional copyrights owned by Shein;[1] and (e) infringement of additional non-SHEIN trademarks owned by Shein. (Dkt. 71.) The discussion of some issues from the PI Motion were truncated in the TRO Motion due to space limitations, and a desire not to rehash prior arguments. Shein respectfully refers the

---

[1] Shein expects Defendants' response due tomorrow (*see* Dkt. 90) will inform the Court of alleged discrepancies in Shein's copyright registrations. However, Shein's registrations were not procured through fraud and any discrepancies therein were inadvertent and immaterial, which Shein is able to substantiate with a sworn statement by a U.S.-barred attorney. Further, the vast majority of Shein's works are of foreign origin and need not be registered to be enforceable in U.S. courts.

Court to Dkt. 24 at 5-7 (the PI Motion) for the factual background on the Imposter Twitter Accounts and the Infringing Ads, as well as to Dkt. 24 at 8-18, for Shein's arguments as to why the Imposter Twitter Accounts and Infringing Ads violate Plaintiff's rights under the Lanham Act and should be enjoined. Further, for Shein's arguments as to why Defendants' conduct with respect to the Imposter Twitter Accounts and Infringing Ads is unlawful, why their arguments to the contrary are unavailing, and how Shein will be harmed absent an injunction, Shein respectfully refers the Court to Dkt. 38 (PI Motion Reply).

Thus, the TRO Motion maintains and re-asserts the issues raised in the PI Motion, and asserts the additional issues described above, all of which remain live issues for the Court to adjudicate in ruling on the TRO Motion against Defendants.[2]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 25, 2023 | ROADGET BUSINESS PTE. LTD. |

By:  /s/  *Nina D. Boyajian*
Nina D. Boyajian (*pro hac vice*)
boyajiann@gtlaw.com
David H. Marenberg (*pro hac vice*)
marenbergd@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: 310-586-7700
Fax: 310-586-7800

Barry R. Horwitz
Barry.Horwitz@gtlaw.com
Marc H. Trachtenberg
TrachtenbergM@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: 312-456-8400
Fax: 312-456-8435

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

---

[2] The TRO Motion was filed after Defendant PDD was added to the case. Shein understands that PDD now wishes to seek dismissal for lack of personal jurisdiction, but PDD previously answered the First Amended Complaint (Dkt. 50), has participated in discovery, and has relied on Whaleco's substantive arguments opposing the TRO Motion. In any event, the language of Rule 65 ensures that PDD (and all others acting in concert with it and its subsidiary Whaleco) would be subject to any TRO and/or injunction.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: July 25, 2023          /s/ Barry R. Horwitz

4