**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> PDD HOLDINGS INC. and WHALECO, INC., <br><br> *Defendants*. | Civil Action No. 1:22-cv-07119 <br><br> Judge: Hon. Franklin U. Valderrama <br><br> Magistrate Judge: Hon. Jeffrey Cummings <br><br> JURY TRIAL DEMANDED |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Attorneys' Eyes Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Protected Material.**

(a)    As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms

1

and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

(b)     As used in this Order, "Attorneys' Eyes Only Information" means information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing party that constitutes Confidential Information and the disclosure of which is likely to harm the business or competitive position of the producing party.

(c)     As used in this Order, "Protected Material" means information designated as Confidential Information or Attorneys' Eyes Only Information.

**3.     Designation.**

(a)     A party may designate a document for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain Protected Material. The confidentiality designation shall be applied prior to or at the time of the documents are produced or disclosed. Applying a confidentiality designation to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents so designated shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked.

(b)     The designation of a document as Protected Material is a certification by an attorney that the document is believed in good faith to contain Confidential Information or Attorneys' Eyes Only Information as defined in this order.

(c)     A party's failure to designate a document, thing, or testimony as Confidential or Attorneys' Eyes Only Information does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

(d)     A party who has designated information as Confidential or Attorneys' Eyes Only Information may withdraw the designation by written notification to all Parties in the case.

**4.     Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Attorneys' Eyes Only Information until the expiration of the following: No later than the twenty-first day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Material, unless otherwise ordered by the Court.

**5.     Protection of Confidential Material.**

(a)     **General Protections**.  Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (c)-(d) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Nothing contained

3

in this Agreed Confidentiality Order shall affect the right of the producing / designating party to disclose or use for any purpose the information, documents, or things it has produced and/or designated under this Order.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Material to any third person or entity except as set forth in subparagraphs (5)(c)-(d) below.

(c) **Disclosure of Confidential Information**. Subject to the requirements of this paragraph, the following categories of persons may be allowed to review Confidential Information:

(1) **Outside Counsel**. Outside counsel for the parties and employees of outside counsel who have responsibility for the action;

(2) **In-house Counsel.** In-house counsel for the parties and their immediate paralegals and staff to whom disclosure is reasonably necessary;

(3) **Parties**. In addition to in-house counsel, other employees or officers of a party but only to the extent outside counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation;

(4) **The Court and its personnel**;

(5) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(6) **Contractors**. Those persons specifically engaged to perform litigation services, including but not limited to, making copies of documents, organizing or processing documents, processing electronically stored documents, computer database preparation, document coding, image scanning, reviewing

4

documents for production, mock trial, jury profiling, translating documents, and/or preparing exhibits, but only (1) after such persons have completed the certification contained in Attachment A, and (2) for so long as necessary to perform those services;

(7)     **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or outside counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A;

(8)     **Witnesses at depositions.** During their depositions, witnesses in this action who are directors, officers, or employees of the designating party or who have been qualified on the record as having knowledge of the underlying designated material.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(9)     **Author or recipient**.  Any person who appears as an author or as an addressee on the face of the document or who admits to or has been identified by the designating party as already having been provided with or having previously seen the document or thing with the Protected Material therein; and

(10)     **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)     **Disclosure of Attorneys' Eyes Only Information.** Subject to the requirements above, the following categories of persons may be allowed to review Attorneys' Eyes Only Information:

(1)     Subject to subparagraphs (2) – (3) below, the persons listed in subparagraphs 5(c)(1), (4), (5), (6), (7), (8), (9), and (10) above.

(2)     For 5(c)(8), witnesses at deposition, witnesses may only view Attorneys' Eyes Only Information after such persons have completed the certification contained in Attachment A.

(3)     Notwithstanding the foregoing limitations on disclosure of Attorneys' Eyes Only Information, Attorneys' Eyes Only Information may be disclosed to in-house counsel for a party for purposes of discussing settlement only, provided that (a) the party wishing to make the disclosure provides the other party with notice in advance of making the disclosure, which notice shall include the specific document(s) it seeks to disclose and individual(s) to whom it seeks to disclose the document(s), and (b) the other party consents to the disclosure. Should a dispute arise surrounding the disclosure of Attorneys' Eyes Only Information to a party's in-house counsel for settlement purposes only, the following procedure shall apply to any such challenge:

(i)     Meet and Confer. A party challenging the disclosure of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the party seeking to make the disclosure. In conferring, the challenging party must explain the basis for its belief that the disclosure of the Protected Material is not proper and must give the party

6

seeking to make the disclosure an opportunity to reconsider the disclosure. The party seeking to make the disclosure must respond to the challenge within ten (10) business days.

(ii)    Judicial Intervention. A party that elects to challenge the disclosure of AEO Protected Material may file and serve a motion that identifies the material sought to be disclosed, and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the party seeking to make the disclosure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Attorneys' Eyes Only Information under the terms of this Order.

(e)    **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain copies (which may be digital copies) of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.    Inadvertent Production of Privileged Material.** Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the opposing party in writing promptly upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use

may be made of such documents or information subsequent to the request to return them except as determined by the Court. Nothing in this Order shall prevent any party from requesting that the Court order the production of any such inadvertently produced documents; however, the fact of the inadvertent production shall not be used as an argument that the attorney-client privilege or other protections have been waived by the producing party. Nothing in this Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

7.      **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated as Protected Material.

8.      **Filing of Protected Material**.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9.      **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.     **Challenges by a Party to Designation as Protected Material**. The designation of any material or document as Confidential Information or Attorneys' Eyes Only Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within ten (10) business days.

(b)     **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

11.     **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     **Use of Confidential Documents or Information at Hearing or Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

13.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The

obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material by the other party to this case.

14. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within sixty three (63) days after dismissal or entry of final judgment not subject to further appeal, all Protected Material and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (2) one complete set of all documents filed with the Court including those filed under seal.

11

Any retained Protected Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

(d)    **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

16.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.


Dated: 8/16/2023

_____
Jeffrey I. Cummings
U.S. Magistrate Judge

WE SO MOVE
and agree to abide by the terms of this Order

*/s/ Nina Boyajian*
_____
Signature

Nina Boyajian
_____
Printed Name


Counsel for:  Plaintiff_____


Dated: 8/15/2023_____


WE SO MOVE
and agree to abide by the terms of this Order

 */s/ Steven P. Mandell*_____
Signature

 Steven P. Mandell_____
Printed Name


Counsel for:   Defendants_____


Dated: 8/15/2023_____

13

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> PDD HOLDINGS INC. and WHALECO, INC., <br><br> *Defendants*. | Civil Action No. 1:22-cv-07119 <br><br> Judge: Hon. Franklin U. Valderrama <br><br> Magistrate Judge: Hon. Jeffrey Cummings <br><br> JURY TRIAL DEMANDED |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials designated as Confidential Information or Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm or concern.

14

15

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Dated: _____     _____
                                         Signature

15