UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>*Plaintiff*,<br><br>v.<br><br>PDD HOLDINGS INC., a Cayman Islands corporation, and WHALECO, INC., a Delaware corporation, and DOES 1-60,<br><br>*Defendants*. | Civil Action No. 1:22-cv-07119<br><br>Judge: Hon. Franklin U. Valderrama<br><br>Magistrate Judge: Hon. Jeffrey Cummings<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ROADGET BUSINESS PTE. LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT PDD HOLDINGS INC. TO PRODUCE DISCOVERY**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND.................................................................................................2

    A. PDD Holdings Has Actively Participated in this Litigation Without Moving to Dismiss on Jurisdictional Grounds..........................................................2

    B. PDD Holdings Previously Agreed to Produce Discovery in its Written Responses, Deposed Roadget's Corporate Representative, then Reversed Course Three Months Later With New Counsel.......................................................3

    C. The Parties Met and Conferred, and Are Now at an Impasse Based on PDD Holdings' Refusal to Engage in Discovery.....................................................5

III. ARGUMENT..........................................................................................................................6

    A. PDD Holdings Has Consented to Personal Jurisdiction, Waived this Defense, and is Otherwise Estopped from Objecting to Discovery.........................6

    B. PDD Holdings Waived Jurisdictional Objections to the RFPs, Interrogatories, RFAs, and 30(b)(6) Deposition Notice by Failing to Timely Assert Them ...............................................................................................10

IV. CONCLUSION....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA, Inc.*,
 No. 18 C 0825, 2020 U.S. Dist. LEXIS 61634 (N.D. Ill. Apr. 8, 2020)...................6

*Blockowicz v. Williams*,
 630 F.3d 563 (7th Cir. 2010) ..............................................................................8

*Hedeen Int'l, LLC v. Zing Toys, Inc.*,
 811 F.3d 904 (7th Cir. 2016) ..............................................................................7

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
 456 U.S. 694 (1982)....................................................................................6, 7, 9

*Medline Indus., Inc. v. Andens of Ill., Inc.*,
 No. 88 c 9563, 1990 U.S. Dist. LEXIS 2072 (N.D. Ill. Feb. 23, 1990)..................11

*Nucap Indus., Inc. v. Robert Bosch LLC*,
 No. 15 C 2207, 2017 WL 3581174 (N.D. Ill. Aug. 18, 2017)..............................7, 8

*In re Peregrine Fin. Grp. Customer Litig.*,
 No. 12 C 5546, 2015 U.S. Dist. LEXIS 34829 (N.D. Ill. Mar. 20, 2015) ................6

*Rice v. Nova Biomedical Corp.*,
 38 F.3d 909 (1994)............................................................................................7

*In re Schwinn Bicycle Co.*,
 182 B.R. 526 (Bankr. N.D. Ill. 1995) ..................................................................9

*In re Syngenta Mass Tort Actions*,
 No. 3:15-cv-01121-DRH, 2017 WL 713694 (S.D. Ill. Feb. 20, 2017)....................7

*United States v. Chapel*,
 956 F.2d 272 (7th Cir. 1992) ..............................................................................7

### **Rules/Statutes**

735 ILCS 5/2-209(c)...................................................................................................9

Fed. R. Civ. P.Rule 26(b)(1).......................................................................................6

Fed. R. Civ. P.Rule 26(c).....................................................................................10, 11

Fed. R. Civ. P.Rule 30(b)(6).................................................................4, 5, 6, 9, 11

Fed. R. Civ. P. 4(k)(2)...........................................................................................................9

Fed. R. Civ. P. 34(b)(2)(A).................................................................................................10

Fed. R. Civ. P. 37(a)(3)(B)(iv).............................................................................................6

Fed. R. Civ. P. 37(d) ....................................................................................................10, 11

Fed. R. Civ. P. 37(d)(2).......................................................................................................10

**<u>Other Authorities</u>**

Local Rule 37.2 ...............................................................................................................1, 5

I. **INTRODUCTION**

Defendant PDD Holdings Inc. ("PDD Holdings") has actively defended itself and litigated this case since it was named as a Defendant in the First Amended Complaint nearly six months ago. It has served discovery requests on Plaintiff Roadget Business Pte. Ltd. ("Plaintiff" or "Roadget") seeking extensive information, conducted depositions, agreed to provide responses to Roadget's discovery requests, filed multiple motions seeking affirmative relief from this Court, and participated fully in the litigation. It even is subject to the Court's Temporary Restraining Order. Yet now, under the direction of new counsel, PDD Holdings changed course and is refusing to participate in any discovery based on the purported grounds that it is not subject to personal jurisdiction before this Court. This position is baseless.

Not only is PDD Holdings subject to this Court's personal jurisdiction but any argument to the contrary has been waived long ago. PDD Holdings has not moved to dismiss for lack of personal jurisdiction nor filed a motion for a protective order, choosing instead to appear in this action, defend itself on the merits, and affirmatively serve its own discovery. It has no legitimate basis to refuse to comply with its basic discovery obligations.

The parties have complied with their obligations pursuant to Local Rule 37.2. Roadget specifically addressed PDD Holdings' ongoing discovery deficiencies in correspondence dated August 15, 2023 and August 25, 2023. (Ex. 1, 9/6/2023 email from L. Chang). The parties met and conferred via Zoom on September 6, 2023 on the issues raised in Roadget's letters, and exchanged subsequent correspondence. (*Id.*) Despite meeting and conferring, PDD Holdings remains steadfast in its refusal to respond to any discovery requests or appear for deposition, forcing Roadget to file this Motion to Compel. Roadget respectfully requests that this Court grant

1

this Motion and order PDD Holdings to fully respond to Roadget's written discovery and appear for a Rule 30(b)(6) deposition on a date certain.

## II. FACTUAL BACKGROUND

### A. PDD Holdings Has Actively Participated in this Litigation Without Moving to Dismiss on Jurisdictional Grounds

PDD Holdings has actively participated in this litigation for more than six months. It was named as a defendant in the First Amended Complaint (Dkt. 33), and, rather than moving to dismiss for lack of jurisdiction, answered the operative complaint on April 6, 2023 (Dkt. 50). It filed multiple pleadings and motions thereafter, availing itself of this Court's jurisdiction. Specifically, PDD Holdings: (1) moved the Court on August 21, 2023 for leave to file a sur-response and seek expedited discovery against Roadget to oppose its Second Motion for a Preliminary Injunction (Dkt. 130), (2) formally consented to the extension of the August 11, 2023 temporary restraining order ("TRO") on August 24, 2023 (Dkts. 138, 143, 144), (3) moved to amend the TRO on August 29, 2023 (Dkt. 148), and (4) opposed Roadget's Motion for Civil Contempt on September 1, 2023 (Dkt. 156). PDD Holdings further joined in four Joint Status Reports to the Court (submitted by Defendants collectively) without reserving objections to personal jurisdiction. (Dkts. 57, 62, 142, 153).

It was not until Roadget filed its Motion for a TRO that PDD Holdings advised (more than three months after filing its Answer to the FAC) that it intended to move to dismiss for lack of personal jurisdiction, while "rely[ing] on the opposition arguments made by Whaleco" to oppose the TRO (Dkt. 79 at 1 n.1). Nevertheless, PDD Holdings never moved to dismiss for lack personal jurisdiction. The Court proceeded to enter a TRO against WhaleCo *and* PDD Holdings. (Dkt. 110). Both Defendants – including PDD Holdings – on August 29, 2023 filed a motion to amend the TRO (based on the merits, without asserting any jurisdictional challenge), while also opposing

2

Roadget's motion for contempt of TRO on September 1, 2023, again without reserving any right object to the Court's exercise of personal jurisdiction over PDD Holdings. (Dkts. 148, 159). In addition, PDD Holdings and WhaleCo filed a motion on August 21, 2023, seeking expedited discovery against Roadget to oppose its Second Motion for Preliminary Injunction (Dkt. 130), which the Court granted (Dkt. 138). On August 25, 2023, PDD Holdings, along with WhaleCo, served Roadget with a Second Set of Requests for Production. (*See* Dkts. 119, 138; Ex. 2).

PDD Holdings has at all times held itself out to the Court and Roadget as an active participant in the lawsuit, without ever filing a notice of special appearance in this case or moving to dismiss under Rule 12(b)(2).[1] Instead, PDD Holdings has generally appeared through counsel, and even sought and obtained affirmative relief from the Court. (*See* Dkts. 131-133, 143, 153.) PDD Holdings still has not challenged the Court's exercise of personal jurisdiction over it, choosing instead to stymie Roadget's discovery efforts based on this belated objection.

> **B.    PDD Holdings Previously Agreed to Produce Discovery in its Written Responses, Deposed Roadget's Corporate Representative, then Reversed Course Three Months Later With New Counsel**

PDD Holdings agreed in June 2023 to produce certain documents and information in response to discovery served on May 2, 2023. PDD Holdings substantively responded to 19 of 21 interrogatories, approximately 125 of 178 requests for admission ("RFAs"),[2] and nearly 200 requests for production ("RFPs") – all without asserting any general or specific objections based

---

[1] On October 11, counsel for PDD Holdings emailed counsel for Roadget formally requesting that Roadget dismiss PDD Holdings with prejudice, and stating that otherwise PDD Holdings would, at some future point, move to dismiss for lack of personal jurisdiction.

[2] Both Defendants objected to Roadget's First Set of RFAs as premature on the basis that they "intend[ed] to file a motion to dismiss the Second Amended Complaint" and "[a] ruling on this motion [would] impact the scope of permissible discovery" so the RFAs "potentially [sought] discovery not relevant to a party's claim or defense or proportional to the needs of the case." *See* Ex. 3, at 2. These objections did not assert lack of personal jurisdiction as the basis for withholding discovery or for the forthcoming motion to dismiss.

3

on lack of jurisdiction, even stating that jurisdiction-related RFPs should be addressed through deposition testimony. (Ex. 4, RFP Resps., including to RFPs 26, 36, and 42; Ex. 5, Interrogatory Resps.; Ex. 3, RFA Resps.). PDD Holdings also stated that it would produce documents in its possession, custody, or control found after a reasonable search.[3] And on July 20, 2023, PDD Holdings took the deposition of Roadget's corporate representative, Tim Wei, pursuant to Fed. R. Civ. P. 30(b)(6). (*See* Ex. 6, Excerpt of Tr. of Dep. of Tim Wei, at 4:19-20 (conducting deposition "on behalf of defendants")).

Similarly, PDD Holdings previously indicated that it would confer with counsel on scheduling depositions of its own witnesses. In its written responses to Roadget's June 29, 2023 Preliminary Rule 30(b)(6) Notice of Deposition ("Preliminary Rule 30(b)(6) Notice"), PDD Holdings objected to most (but not all) topics on the ground that they were premature because PDD Holdings had not yet filed its motion to dismiss for lack of personal jurisdiction.[4] PDD Holdings nonetheless stated in its general objection to the Preliminary Rule 30(b)(6) Notice that "PDD Holdings is willing to meet and confer regarding a mutually agreeable date, time, and place for the deposition." (Ex. 7 at 1). PDD Holdings' counsel also informed Roadget's counsel that it was "still working on both names and available dates for deposition." (*See* Ex. 8, 7/28/23 Yin Email). On August 16, 2023, counsel for PDD Holdings and WhaleCo confirmed that the depositions of Zoe Ji and Yao Wu, both identified in PDD Holdings' Initial Disclosures as witnesses on which PDD Holdings may rely to support its claims or defenses, would not proceed

---

[3] *See. e.g.*, Ex. 4 at RFPs 10-12, 15-17, 20-21, 28, 30, 34, 40, 42, 44-45, 47, 49, 51, 53, 56, 59-62, 68-73, 76-81, 85-92, 94-96, 98-99, 102-106, 109-115, 117-118, 120-122, 126, 131-132, 135, 141-144, 146-149, 151, 156-162, 166-168, 186-188, 190.
[4] Ex. 7, PDD Holdings's 7/26/23 Resps. to Prelim. Rule 30(b)(6) Notice at Topic Nos. 1, 2, 5, 6, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

on the noticed dates and that discussions remained ongoing regarding witness availability. (Ex. 9, Rule 30(b)(1) Deposition Notice of Yao Wu; Ex. 10, Rule 30(b)(1) Deposition Notice of Zoe Ji; Ex. 11, 8/16/23 Benyamin Email; Ex. 12, PDD Holdings Rule 26 Initial Disclosures).

### C. The Parties Met and Conferred, and Are Now at an Impasse Based on PDD Holdings' Refusal to Engage in Discovery

Roadget requested a conference pursuant to Local Rule 37.2. On August 15, 2023, Roadget wrote to Defendants regarding deficiencies in their written discovery responses, including PDD Holdings's refusal to produce, among other things, documents and information pertaining to its activities directed at this forum in connection with the Temu platform. (*See, e.g.*, Ex. 1, 9/6/2023 email from L. Chang). On August 25, 2023, Roadget sent another letter seeking to confer on Defendants' written objections to the Preliminary Rule 30(b)(6) Notices, specifically addressing PDD Holdings's failure to produce a designated witness for any of the 39 noticed topics, and its belated objection based on lack of personal jurisdiction to 31 of those topics. (*Id.*). On August 29, 2023, Roadget wrote to Defendants regarding several WhaleCo employees' failure to appear for noticed depositions and failure to offer alternative dates or indicate whether a translator would be necessary. (Ex. 13, 8/29/23 Letter from L. Chang).

Following a meet-and-confer held on September 6, 2023, counsel for PDD Holdings confirmed that "PDD will not be producing documents or otherwise engaging in discovery until the personal jurisdiction objection is resolved." (Ex. 14, 9/9/23 Email from A. Naydonov to L. Chang). PDD Holdings amended its responses to Roadget's First Set of RFPs and Interrogatories on September 9, 2023. (Ex. 15, Amd. Resps. To RFPs; Ex. 16, Amd. Resps. To Interrogatories). Unlike its initial responses served in June, PDD Holdings' amended responses to Roadget's RFPs now belatedly include objections for lack of personal jurisdiction, and *withdraw all prior commitments to produce documents* in response to nearly 100 RFPs. (*See* Ex. 17 Redline of Amd.

5

Resps. to RFPs.). PDD Holdings' amended responses to Roadget's Interrogatories likewise now include a general objection for lack of personal jurisdiction. (*See* Ex. 18 Redline of Amd. Resps. to Interrogatories).

Finally, Roadget served a Rule 30(b)(6) Notice of Deposition on PDD Holdings on August 31, 2023. (Ex. 19). On September 7, 2023, PDD Holdings advised Roadget that Defendants will serve its written responses on October 2, 2023. (Ex. 20, 9/7/23 Devine Email). PDD Holdings has not yet provided responses and objections. On October 2, 2023, PDD Holdings served its responses and objections to Roadget's September 1, 2023 Second Set of Requests for Production, in which PDD Holdings reiterated its refusal to engage in discovery until the jurisdictional objection is resolved. (*See* Ex. 21, Resps. to 2d RFPs at 2).

### III. ARGUMENT

A party may move to compel production if the other party fails to produce the discovery requested. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Because the purpose of discovery is to help define and clarify the issues,' courts broadly define the scope of relevant discovery." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA, Inc.*, No. 18 C 0825, 2020 U.S. Dist. LEXIS 61634, at *8 (N.D. Ill. Apr. 8, 2020). "The party opposing discovery bears the burden of showing why discovery should be disallowed." *In re Peregrine Fin. Grp. Customer Litig.,* No. 12 C 5546, 2015 U.S. Dist. LEXIS 34829, at *6 (N.D. Ill. Mar. 20, 2015) (citation omitted).

### A. PDD Holdings Has Consented to Personal Jurisdiction, Waived this Defense, and is Otherwise Estopped from Objecting to Discovery

The time for PDD Holdings to contest personal jurisdiction has long since passed. It is well established that "[t]he actions of the defendant may amount to a legal submission to the jurisdiction

6

of the court, whether voluntary or not." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704-05 (1982). "Unlike subject matter jurisdiction, personal jurisdiction can be waived at any time by express submission, conduct or failure to assert the defense." *Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 C 2207, 2017 WL 3581174, at *1 (N.D. Ill. Aug. 18, 2017) (citing *United States v. Chapel*, 956 F.2d 272 (7th Cir. 1992)). A defendant submits to personal jurisdiction when this defense is not promptly asserted, and its conduct and participation causes the court to go to "some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Nucap*, 2017 WL 3581174, at *7 (citing *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016).

As the Seventh Circuit explained in *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (1994), it "would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required, could without any penalty fail or refuse to press it . . . ." And where, as here, a defendant has participated in discovery, it cannot object to the plaintiff's discovery requests based on personal jurisdiction. For example, in *In re Syngenta Mass Tort Actions*, No. 3:15-cv-01121-DRH, 2017 WL 713694, at * (S.D. Ill. Feb. 20, 2017), the defendant was found to have waived personal jurisdiction defense by "moving for the adoption of a particular form of discovery coordination; filing a reply regarding its motion for adopting the coordination order; participating in a status conference regarding involvement and agreement of discovery coordination; . . . filing a response in opposition regarding deposition time for witnesses; . . . filing a response in opposition to a request for additional time to depose a witness; and participating and filing a joint status report regarding trial discovery". Here, PDD Holdings has done even more, affirmatively conducting discovery and seeking relief from the Court on multiple issues. *See also Nucap*, 2017 WL 3581174,

at *8 (holding that defendant waived its personal jurisdiction defense where it "could have immediately presented its objections to personal jurisdiction" by "attacking the FAC on its face before discovery commenced" but instead "forged ahead with discovery, subject to a partial jurisdictional objection" and "refused to produce anything arguably shedding light on . . . whether [the defendant] had sufficient [claim]-related contacts").

PDD Holdings cannot withhold discovery by asserting a lack of personal jurisdiction where it has actively participated in this litigation for several months, responded to discovery requests with representations that it would in fact produce discovery, and even sought its own written and oral discovery against Roadget, including after obtaining an order granting expedited discovery from the Court it now claims lacks jurisdiction over it. PDD Holdings affirmatively opposed Roadget's Second Motion for a Preliminary Injunction and even consented before this Court to an extension of the TRO expressly issued against it, in order to obtain expedited discovery and additional relief against Roadget.

As the court explained in *Nucap*, "the Supreme Court and the Seventh Circuit have disapproved the practice of adopting a wait-and-see stance to asserting the defense of lack of personal jurisdiction; doing so typically results in waiver." 2017 WL 3581174, at *9. In that case, as should be found here as well, the foreign defendant was held to have consented to personal jurisdiction despite preserving its defense in an answer because it waited to file a motion asserting the defense until after the outcome of a pending motion for preliminary injunction brought against its U.S. subsidiary, another defendant. PDD Holdings cannot belatedly assert lack of personal jurisdiction in the face of an issued TRO and pending motion for preliminary injunction, and obstruct discovery on that basis, after months of actively litigating the merits of this case and conducting its own discovery of Roadget. *See Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir.

2010) (holding that defendants waived lack of personal jurisdiction by "participating in the district court proceedings, which included both briefing and oral arguments addressing the merits[,]" even though the defendant had raised the defense in a footnote in a motion opposing enforcement of an injunction); *In re Schwinn Bicycle Co.*, 182 B.R. 526, 530 (Bankr. N.D. Ill. 1995) ("[E]ven where personal jurisdiction cannot otherwise be established, a defendant may nonetheless manifest consent to a court's in personam jurisdiction where he or she takes steps or seeks such relief as is consistent only with the hypothesis that the court has jurisdiction over his or her person.") (citing *Ins. Corp. of Ireland*, 456 U.S. at 702-05).

Nor can PDD Holdings object to Roadget's requests for jurisdictional discovery, which have already been served. *See Ins. Corp. of Ireland*, 456 U.S. at 709 ("[Plaintiff] was seeking discovery to respond to [Defendants'] contention that the District Court did not have personal jurisdiction. Having put the issue in question, [Defendants] did not have the option of blocking the reasonable attempt of [Plaintiff] to meet its burden of proof.").

Finally, even if PDD Holdings had not waived this defense for the reasons stated above, it is subject to personal jurisdiction under 735 ILCS 5/2-209(c) and Fed. R. Civ. P. 4(k)(2) including because, by its own admissions in publicly available information alleged in this action, PDD Holdings has owned and operated the Temu marketplace on which the alleged rampant copyright and trademark infringement occurred in this action and which specifically targets Illinois and U.S. consumers. *See* Dkt. 64 ¶¶ 5-6, 38-43; Dkts. 64-26, 64-27.[5] This publicly available information is

---

[5] PDD Holdings also directed its agent and subsidiary WhaleCo, and other related entities to leverage PDD Holdings's network of "sourcing, logistics, and fulfillment capabilities" to sell, promote, import, display and distribute counterfeit and infringing products and images to U.S. and Illinois consumers through the Temu marketplace, specifically solicited social media influencers to falsely promote Temu in the United States and Illinois, solicited vendors to upload images and manufacture and sell infringing products to U.S. and Illinois consumers on Temu, and

already more than sufficient to establish personal jurisdiction over PDD Holdings, and further information specifically sought in Roadget's written discovery and 30(b)(6) deposition topics, to which PDD Holdings is improperly refusing to respond, will only further confirm the lack of basis to assert this defense.

### B. PDD Holdings Waived Jurisdictional Objections to the RFPs, Interrogatories, RFAs, and 30(b)(6) Deposition Notice by Failing to Timely Assert Them

Not only did PDD Holdings waive its personal jurisdiction defense entirely for the reasons stated above, it has also waived objections based on lack of personal jurisdiction by failing to timely assert them in its written discovery responses.[6] In its initial objections and responses, PDD Holdings agreed to produce documents in response to nearly 100 of Roadget's RFPs. (Ex. 4). PDD Holdings likewise initially answered (albeit deficiently), to 19 of Roadget's Interrogatories and approximately 125 of Roadget's RFAs. (Exs. 4-5). *PDD Holdings did not assert a general or specific objection based on lack of personal jurisdiction in any of its initial responses to Roadget's First Sets of RFPs, Interrogatories, or RFAs*. (Exs. 3-5). It instead inserted the objections for the first time in *amended* responses to the RFPs and Interrogatories – served over three months later.

---

misappropriated Roadget's trade secrets for use in connection with Temu in the U.S. and Illinois. *Id.*

[6] Although PDD Holdings has waived any objection based on personal jurisdiction to all discovery requests for the reasons explained here, Roadget is willing to withdraw its RFP No. 43, and otherwise withdraw any request that PDD Holdings provide the identities or addresses of manufacturers to the extent covered by any of the requests. In addition, to the extent PDD Holdings believes in good faith that any requested information evidence would implicate Chinese privacy or states' secrets laws, as it asserted in its meet and confer correspondence, Roadget is willing to discuss with PDD Holdings a process by which these concerns can be addressed as to specific, identified requests. For example, the parties can jointly retain an independent expert in Chinese law located in China who can evaluate PDD Holdings' concerns, and to the extent any requests do actually implicate Chinese privacy or state secrets laws, those requests will be withdrawn.

(Exs. 17-20.) The newly asserted objections based on lack of personal jurisdiction are untimely and therefore waived.[7] Fed. R. Civ. P. 34(b)(2)(A).

Relatedly, PDD Holdings' jurisdictional objections are an improper basis for failing to designate and/or produce a witness for deposition because PDD Holdings does not have a pending motion for a protective order pursuant to Rule 26(c). Fed. R. Civ. P. 37(d)(2). "Under Fed. R. Civ. P. 37(d), a party that fails to appear for deposition after being served with proper notice is subject to sanctions, unless the failure was substantially justified. An objection to discovery does not excuse a failure to appear at deposition unless the party has applied for a protective order as provided by Rule 26(c)." *Medline Indus., Inc. v. Andens of Ill., Inc.*, No. 88 c 9563, 1990 U.S. Dist. LEXIS 2072, at *20 (N.D. Ill. Feb. 23, 1990). Absent a Rule 26(c) protective order, PDD Holdings's boilerplate jurisdictional objections do not justify its refusal to designate or produce a witness pursuant to Rule 30(b)(6).

## IV.     CONCLUSION

Roadget respectfully requests that the Court grant Roadget's Motion to Compel ordering PDD Holdings to: (1) withdraw its discovery objections based on lack of personal jurisdiction, (2) provide fulsome discovery responses and produce responsive and discoverable documents in response to Roadget's June 22, 2023 Requests for Admission, May 2, 2023 First Set of Requests for Production, and May 2, 2023 First Set of Interrogatories subject to the exceptions in footnote

---

[7] As stated above, the Parties agreed to supplement their respective RFP and Interrogatory responses to account for additional allegations in the SAC. The SAC, alleged, *inter alia*, infringement of a substantial amount of new copyrighted works and trademarks owned by Roadget, but the alleged bases for personal jurisdiction over PDD Holdings, in particular PDD Holdings's ownership and operation of the Temu website and direction of various subsidiary agents to engage in specific infringing acts in the forum, have not changed.

6, and (3) designate and produce on a date certain witnesses in response to Roadget's June 29, 2023 Rule 30(b)(6) Notice of Deposition to PDD Holdings.

Date: October 16, 2023

ROADGET BUSINESS PTE. LTD.

By: */s/ Andrew Schapiro*

Andrew Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
(312) 705-7400
(312) 705-7401 (fax)
andrewschapiro@quinnemanuel.com

Michael Williams *(pro hac vice)*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
(213) 443-3100 (fax)
michaelwilliams@quinnemanuel.com

*Counsels for Plaintiff Roadget Business Pte. Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2023 I filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT PDD HOLDINGS INC. TO PRODUCE DISCOVERY which will automatically give notice to the parties' counsel of record.

                                       /s/ *Andrew Schapiro*
                                       Andrew Schapiro